UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                DECISION AND ORDER
                                                12-CR-186 (WFK)

-against-

GARY FAMA,

Defendant.

------------------------------------------------------X

**KUNTZ, United States District Judge**

By Superseding Indictment filed June 26, 2012, Defendant Gary Fama ("Fama") is charged with Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The Government moves *in limine* for this Court to preclude Fama from inquiring on cross-examination of co-Defendant Jack Mannino ("Mannino") into two alleged instances of domestic violence committed by Mannino. For the reasons below, the motion of the Government is granted.

## ANALYSIS

### I. Cross-Examination and Rule 608(b)

A District Court has "wide discretion to impose limitations on the cross-examination of witnesses." *United States v. Flaharty*, 295 F.3d 182, 190–91 (2d Cir. 2002) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *United States v. Griffith*, 284 F.3d 338, 352 (2d Cir. 2002)). Importantly, Federal Rule of Evidence 608(b) allows a district court to "restrict cross-examination about specific instances of prior conduct if it finds that the conduct is not probative of truthfulness." *Flaharty*, 295 F.3d at 191; *see United States v. Brown*, No. 07-cr-874, 2009

WL 497606, at *3 (E.D.N.Y. Feb. 26, 2009) (Matsumoto, J.) ("Under the plain mandate of Rule 608(b), extrinsic evidence of a witness's prior conduct may not be admitted to attack his truthfulness."); *United States v. Nelson*, 365 F. Supp. 2d 381, 386 (S.D.N.Y. 2005) (Marrero, J.) ("Rule 608(b) is intended to be restrictive . . . . The rule does not authorize inquiry on cross-examination into instances of conduct that do not actually indicate a lack of truthfulness.") (citing Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 608.22[2][c][i] (2d ed. 1997)).

Mannino's alleged prior acts are not probative of his credibility and do not indicate a lack of truthfulness. Indeed, "[a]ssaults and murders do not directly reveal truthfulness in the way that forgery, perjury or fraud would." *Brown*, 2009 WL 497606, at *3 (citing *Flaharty*, 295 F.3d at 191; *United States v. Turcotte*, 515 F.2d 145, 151 (2d Cir. 1975)). There is nothing in the record to indicate the two purported instances of domestic violence committed by Mannino involved deceptiveness or dishonesty, nor is there anything inherent in the nature of such acts that would directly involve truthfulness. Therefore, Fama is prohibited from inquiring about Mannino's previous alleged instances of domestic violence.

## II. Rule 403

Even if the Court were to determine that Mannino's alleged instances of domestic abuse were relevant to his testimony, Fama would still be precluded from inquiring about such instances under Federal Rule of Evidence 403. Rule 403 allows a court to "exclude even relevant evidence if it finds that the 'probative value [of the testimony] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Flaharty*, 295 F.3d at 191 (citing Fed. R. Evid. 403). The alleged instances of abuse

are not relevant to the charges at issue in this case. Allowing Fama to inquire about them could mislead the jury and confuse the actual issues pertaining to the bank robbery, and having a "mini-trial" about the purported abuses would result in undue delay and would be a waste of time. Importantly, these uncharged, alleged instances of abuse substantially outweigh the unfair prejudice that could result if the jury were to focus on the purported instances of abuse rather than Mannino's testimony about the bank robbery. *See United States v. Jeffers*, 402 F. App'x 601, 603 (2d Cir. 2010) ("Moreover, even if the alleged abuse was somehow relevant to Hick's motivations for testifying, which is not clear, the district court did not abuse its discretion in concluding that any probative value was substantially outweighed by unfair prejudice and the need for a mini-trial on domestic disputes.") (citing Fed. R. Evid. 403; *United States v. Stewart*, 433 F.3d 273, 313 (2d Cir. 2006)).

## CONCLUSION

Alleged prior acts of domestic violence are not probative of truthfulness. Therefore, under Rule 608(b), the Court finds them to be inadmissible against Mannino. Even if these acts were shown to be relevant to Mannino's testimony, the Court still would find them to be inadmissible under Rule 403. Therefore, Fama is precluded from inquiring into Mannino's alleged prior acts.

## SO ORDERED

Dated: Brooklyn, New York
      December 7, 2012

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge